In the United States District Court
For the Southern District

| | |
|---|---|
| ANTHONY BLUE, <br> —against— <br> STATE OF NEW YORK, CITY OF NEW YORK, GREGORY CARRO, BRUCE ALLEN, LEWIS BART STONE, MATTHEW A. SCIARRINO, ABRAHAM L. CLOTT, Justices of the City of New York and Supreme Court of the State of New York, CYRUS R. VANCE, JR., ERICA O'BRIEN, MARISSA DARDEN, JAMES BARGAMO, District and Assistant Attorneys of New York County, JOLT MENA, ANDRE WILLIAMS, ADAM TEGAN, New York City Police, KAREN M. FUNK, ESQ., individually and their official capacities. | Complaint <br><br> Civil Action No. _____ <br><br> Jury Trial Demanded <br><br> SEP 26 2014 <br> PRO SE OFFICE |

## I. Complaint

Plaintiff, ANTHONY BLUE, pro se, for his complaint state as follow:

### II. Parties, Jurisdiction and Venue

1. Plaintiff ANTHONY BLUE is currently held as pretrial detainee at the Brookly House of Detention, located at 275 Atlantic Ave., Brooklyn, N.Y. 11201 in the city of New York in the state of New York from June 13, 2013 to the present.

2. Plaintiff ANTHONY BLUE is, and was at all times mentioned herein, an adult citizen of the United States and a resident of the state of New York.

3. Defendant STATE OF NEW YORK is and was at all relevant times herein a state of the United States of America.

page 1 of 14

4. Defendant CITY OF NEW YORK is and was at all relevant times herein a municipal corporation of the State of New York.

5. Defendant GREGOR CARRO was at all relevant times herein a Justice of the State of New York.

6. Defendant BRUCE ALLEN was at all relevant times herein a Justice of the State of New York.

7. Defendant LEWIS BART STONE was at all relevant times herein a Justice of the State of New York.

8. Defendant MATTHEW A. SCIARRINO was at all relevant times herein a Justice of the City of New York.

9. Defendant ABRAHAM L. CLOTT was at all relevant times herein a Justice of the City of New York.

10. Defendant CYRUS R. VANCE, JR. was at all relevant times herein a District Attorney for the City of New York.

11. Defendant ERICA O'BRIEN was at all relevant times herein an assistant district attorney of the City of New York.

12. Defendant MARISSA DARDEN was at all relevant times herein an assistant district attorney of the City of New York.

13. Defendant JAMES BARGAMO was at all relevant times herein an assistant district attorney of the City of New York.

14. Defendant JOLT MENA was at all relevant times herein an Officer of the New York City Police Department.

15. Defendant ANDRE WILLIAMS was at all relevant times herein an Officer of the New York City Police Department.

16. Defendant ADAM TEGAN was at all relevant times herein an officer of the New York City Police Department.

17. Defendant KAREN M. FUNK was at all relevant times herein a court appointed attorney for the City and State of New York.

18. This action arises under and is brought pursuant to 42 U.S.C Section 1983 to remedy the deprivation, under color of state law, of rights guaranteed by the Fourth, Fifth, Sixth, Eighth and Fourteenth Amendments to the United States Constitution; in addition, to criminal offenses committed upon plaintiff. This Court has jurisdiction over this action pursuant to 28 U.S.C. Section 1331 and 1343.

19. Plaintiff's claims for injunctive relief are authorized by Rule 65 of the Federal Rules of Civil Procedure.

20. This cause of action arose in the Southern District of New York. Therefore, venue is proper under 28 U.S.C. Section 1391(b)

### III. Previous Lawsuits by Plaintiff

21. Plaintiff has filed no other lawsuits dealing with the same facts involved in this action or otherwise relating to his detention.

### IV Exhaustion of Administrative Remedies

21. Plaintiff has no administrative remedies available for the claims herein.

### V Statement of Claim

22. At all relevant times herein, defendants were "persons" for purpose of 42 U.S.C. Section 1983 and acted under color of law to deprive plaintiff of his constitutional rights, as set forth more fully below.

### VI Statement of Facts

23. On August 27, 2012 defendant MENA JOLT of the New York City Police Department kidnapped plaintiff off of a public sidewalk in

New York County under the false pretext of tresspassing.

24. On August 27, 2012, defendants JOLT MENA and ANDRE WILLIAMS illegally imprisoned plaintiff in a basement cell of the 33rd precint with no phone, water, food or a toilet for 36 hours.

25  On August 27, 2012, defendants JOLT MENA and ANDRE WILLIAMS illegally searched plaintiffs automobile and cell phone, then perjured false statements on an affidavit for a warrant at the behest of defendant ERICA O'BRIEN.

26. On August 27, 2012, defendant MATTHEW A. SCIARRINO rubber stamped defendant's affidavit of warrant knowing there was no probable cause to search plaintiff's car.

27. On August 28, 2012, defendants ERICA O'BRIEN, ANDRE WILLIAMS and ADAM TEGAN conspired and perjured false statements on an affidavit for a warrant to search plaintiff's apartment in the County of the Bronx.

28. On August 28, 2012, defendant LEWIS BART STONE rubberstamped defendants affidavit of warrant knowing there was no probable cause to search plaintiff's home.

29. On August 29, 2012, plaintiff was arraigned in New York County Criminal court under the false charge of attempt burglary, filed by defendants ERICA O'BRIEN and ANDRE WILLIAMS.

30. On August 29, 2012, plaintiff was confined to New

City Department of Corrections under a $30,000 dollars bail.

31. On August 31, 2012, plaintiff was released from court on his own recognizance to be rearrested by defendant ADAM TEGAN for allege stolen property in the County of the Bronx.

32. On September 1, 2012, defendant ADAM TEGAN released plaintiff from Bronx County Central Booking after determining that allege stolen property belong to plaintiff.

33. On September 2, 2012, plaintiff requested return of all property taken from plaintiff's home by defendants ANDRE WILLIAMS, ADAM TEGAN and JOLT MENA. Defendant's refused directing plaintiff to take up the matter with defendant ERICA O'BRIEN.

34. On September 3, 2012, plaintiff went to the district attorney's office to request return of property. Defendant ERICA O'BRIEN refused stating after the case is over. Plaintiff phoned in a complaint to the disciplinary committee for ERICA O'BRIEN's actions and also phoned the Internal Affairs Bureau for the actions of defendants ANDRE WILLIAMS, JOLT MENA and ADAM TEGAN.

35. On September 5, 2014, defendants ERICA O'BRIEN and ANDRE WILLIAMS perjured on another affidavit for a warrant to search plaintiff cell phone after defendant ANDRE WILLIAMS held on to it and searched thru for

two week before turning over to property clerk on September 9, 2012, defendant ABRAHAM L. CLOTT rubber stamped with indifference

36. On February 11, 2012, defendant KAREN M. FUNK assigned counsel for plaintiff, told plaintiff the false arrest for attempt burglary will be dismissed and plaintiff does not have to return to court.

37. On March 13, 2013 the attempt burglary charge was dismissed and sealed.

38. On March 14, 2013, plaintiff returned to the district attorney's office to demand return of property. Defendant ERICA O'BRIEN refused stating she is using plaintiff's property to get an indictment even though the August 27, 2012 incident was dismissed and sealed

39. Plaintiff filed another complaint against defendant ERICA O'BRIEN.

40. On March 25, 2013, ERICA O'BRIEN, ANDRE WILLIAMS and JOLT MENA conspired to perjure testimony before a Grand Jury to get an indictment without notice to plaintiff. Defendant ERICA O'BRIEN then filed a fraudulent warrant to arrest plaintiff at consent of defendant CYRUS R. VANCE, Jr

41. On April 15, 2013, plaintiff was arrested by U.S. Marshals and Jacksonville, Sheriff Department in the State of Florida as a fugitive of justice from New York State.

42. On June 13, 2013, plaintiff was arraigned in New York County Supreme Court before defendant GREGORY CARRO for six counts of burglary. Defendant GREGORY CARRO

remanded plaintiff without cause after defendants KAREN M. FUNK and ERICA O'BRIEN perjured statements of notifying plaintiff of Grand Jury proceedings and warrant.

43. Between the months of June 13, 2013 and January 8, 2014, Defendants KAREN M. FUNK, GREGORY CARRO and ERICA O'BRIEN conspired to deny plaintiff access to the court. Defendant KAREN M. FUNK claims that department of corrections was not producing plaintiff for court.

44. On January 8, 2014, plaintiff was brought before defendant GREGORY CARRO so defendant KAREN M. FUNK could not adopt plaintiff's motion to dismiss charges for speedy trial violations.

45. Plaintiff request to proceed Pro-Se because of defendants malicious actions.

46. On March 19, 2014, plaintiff's case was transferred to defendant BRUCE ALLEN's court room for a Mapp/Dunaway hearing for the dismissed and sealed case from August 27, 2012. Plaintiff informed defendant BRUCE ALLEN of the matter but defendant insisted on proceeding.

47. On March 20, 2014, defendants BRUCE ALLEN, ERICA O'BRIEN, MARRISA DARDEN, ANDRE WILLIAMS and JOLT MENA orchestrated a false hearing to justify the fraudulent warrants and indictment.

48. On May 14, 2014, defendant BRUCE ALLEN denied

plaintiff's motion to dismiss charges for speedy trial violation without a valid reason.

49. On July 14, 2014, defendant JAMES BERGAMO was assigned to prosecute case against plaintiff. Plaintiff submitted several motions to defendants BRUCE ALLEN and JAMES BERGAMO to dismiss defective indictment and failure to state cause of action. Neither defendants responded to plaintiff's motions.

50. On August 21, 2014, plaintiff filed an Article 78 petition against defendants BRUCE ALLEN and CYRUS R. VANCE, JR. for speedy trial violation and lack of subject matter jurisdiction and due process violation by attempting to use sealed offical documents in subsequent proceedings. Plaintiff has not yet recieved a response from the courts or defendants.

COUNT ONE: VIOLATION OF 4th AMENDMENT OF
           THE UNITED STATES CONSTITUTION

51. Defendant CITY OF NEW YORK is the employer of defendants JOLT MENA, ANDRE WILLIAMS, ADAM TEGAN, ERICA O'BRIEN, CYRUS R. VANCE, JR and MATTHEW A. SCIARRINO and is liable and responsible for damages for criminal acts performed by said defendants in their official and individual capacities as administrators and agents of the CITY OF NEW YORK

52. Defendants JOLT MENA, ANDRE WILLIAMS, ADAM TEGAN seized plaintiff's person and property and seached plaintiff's home, car, and cell phone without probable cause.

53. Defendant CYRUS R. VANCE, JR. is the employer of ERICA O'BRIEN and is liable and responsible for acts performed by defendant. Defendant ERICA O'BRIEN acted with malice initiating a prosecution of plaintiff by perjured warrant affidavits without probable cause.

54. Defendants MATTHEW A. SCIARRINO, ABRAHAM L. CLOTT, and LEWIS BART STONE are STATE/CITY Justices. Defendants rubber stamped affidavit warrants from defendants ANDRE WILLIAMS, ERICA O'BRIEN without checking if there was probable cause.

55. As a result of the malicious, indifference and fraudulent acts of defendants, plaintiff suffered loss of liberty, property and extreme emotional distress. The above mentioned defendants can sue and be sued in their official and individual capacities.

## COUNT TWO: VIOLATION OF 5th AMENDMENT OF THE UNITED STATES CONSTITUTION

56. Defendant CYRUS R. VANCE, JR is an employee of defendant NEW YORK CITY and the employer of defendant ERICA O'BRIEN. Defendant ERICA O'BRIEN filed a void and null indictment in the County of New York without notifying plaintiff. Indictment was based on a dismissed and sealed case. Defendant Erica O'BRIEN violated due process and attempted to place plaintiff in double jeopardy.

57. Defendant GREGORY CARRO is a Justice of the defendant STATE OF NEW YORK. Defendant deprived plaintiff of liberty on an invalid indictment filed by defendant ERICA O'BRIEN. GREGORY CARRO had no subject matter jurisdiction to remand plaintiff on charges.

58. As a result of the malicious, indifference, abuse of discretion and fraudulent acts of defendants, plaintiff suffered loss of liberty and property without due process of law causing extreme emotional distress. The above named defendants can sue and be sued in their official and individual capacity.

## COUNT THREE: VIOLATION OF 6th AMENDMENT OF THE UNITED STATES CONSTITUTION

59. Defendants GREGORY CARRO and BRUCE ALLEN are employees of defendant STATE OF NEW YORK. Defendants have deprived plaintiff of a speedy and public trial and failed to inform plaintiff of the nature and cause of allegations from defendants ERICA O'BRIEN, MARISSA DARDEN, JAMES BARGAMO and CYRUS R. VANCE, JR.

60. Defendants CYRUS R. VANCE, JR., ERICA O'BRIEN, MARISSA DARDEN and JAMES BARGAMO have brought charges against plaintiff without cause or witnesses. All defendants are acting outside of their authorities.

61. Defendant KAREN M. FUNK is employed by NEW YORK STATE as assistance of counsel. Defendant fail to provide plaintiff with effective counsel and denied plaintiff access to to the courts during her representation of plaintiff.

62. As a result of the malicious, negligence, indifference, abuse of discretion and fraudulent acts of the defendant's, plaintiff suffered loss of liberty and property causing extreme emotional distress. The above named defendants can sue and be sued in their official and individual capacity.

## COUNT FOUR: VIOLATION OF 8th AMENDMENT OF THE UNITED STATES CONSTITUTION

63. Defendants GREGORY CARRO and BRUCE ALLEN are employees of defendant STATE OF NEW YORK. Defendants have remanded plaintiff without bail and threatning plaintiff with excessive fines and penalties if plaintiff exeercise his rights to a public trial.

64. As a result of the malicious abuse of discretion and indifference of defendants, plaintiff suffered loss of libery and property and extreme emotional distress. The above named defendants can sue and be sued in their official and individual capacity.

## COUNT FIVE: VIOLATION OF 14th AMENDMENT OF THE UNITED STATES CONSTITUTION

66. Defendants ERICA O'BRIEN, ANDRE WILLIAMS, JOLT MENA and ADAM TEGAN manufactured evidence to use at plaintiffs trial under the color of law to deprive plaintiff of liberty and property without due process of law.

67. Defendants GREGORY CARRO and BRUCE ALLEN disreguard state laws denying plaintiff equal protection of the law by remanding plaintiff without bail and denying rights to a public speedy trial, because plaintiff is an Afro-American.

68. As a result of the malicious, abuse of discretion, fraudulent acts of defendants, plaintiff suffered loss of liberty and property

and extreme emotional distress. The above mentioned defendants can sue and be sued in their official and individual capacity.

COUNT SIX: CONSPIRACY TO DERIVE OF CIVIL RIGHTS

68. The defendants at all times herein mentioned are either civil servants and authorities, public employees or their agents acting under the authority of defendants STATE OF NEW YORK and CITY OF NEW YORK. The defendants are and have been engaged in an ongoing conspiracy to deprive Afro-Americans and plaintiff of civil rights for profit by holding accused for lenghthy periods of time for billable hours and conviction bonuses.

COUNT SEVEN: MISPRISION OF FELONY

69. All defendants at all times herein mentioned are aware of the misconducts of the others and refused to report the offences to the proper authorities.

COUNT EIGHT: ABUSE OF PROCESS

70. All defendants at all times herein mentioned are and have been engaged in the abuse of process to cause injuries to plaintiff by false arrest, false imprisonment, denial of due process, illegal search and seizures thru malicious and unfounded use of legal proceedings.

## COUNT NINE: FALSE ARREST AND IMPRISONMENT

71. All defendants at all times herein are and have all conspired thru fraud, false reports, false swearing and violation of the public trust to falsely arrest and imprison plaintiff.

## COUNT TEN: MALICIOUS PROSECUTION

72. All defendants at all times herein are and have all conspired to, without cause to, instigate a criminal action against plaintiff for which there is no legal justification.

73. The acts of the defendants in the above-entitled action represents a clear demonstration of a conspiracy to deprive plaintiff of his civil rights guaranteed under the United States Constitution. By reason of the foregoing complaint, plaintiff suffered gross indignities, degredation, shame, humiliation and mental anguish and the loss of reputation, loss of civil rights and loss of liberty and property from the time of his arrest on August 27, 2012, up to the present time, and he will continue to suffer by reason thereof.

WHEREFORE, ANTHONY BLUE prays for judgment in his favor and damages in his favor against for the pain and mental anguish suffered by him due to the malicious, deliberate indifference and intentional misconduct of defendants,

as follows:

74. Injunctive Relief ordering defendants GREGORY CARRO and BRUCE ALLEN to release plaintiff and dismiss instant case against plaintiff in New York County.

75. Declaratory Relief that defendants are violating plaintiff rights proceeding on false charges in New York County.

76. Compensation for damages in the amount of $15,000,000.00

77. Punitive Damages in the amount of 36,500,000.00

78. Nominal Damages in the amount of $15,000,000.00 to 36,500,000.00

and such additional relief the Court may deem just and proper

Respectfully submitted,

*Anthony Blue*

ANTHONY BLUE,
Plaintiff

I declare under penalty of perjury that the foregoing is true and correct.

Sworn to before me
This 20th day of September, 2014

*S. Gressom*

NOTARY PUBLIC

S. Gressom
Commissioner of Deeds
City of New York No: 2-13098
Certificate filed in: Kings County
Commission Expires: June 1 2015

page 14 of 14





United States District Court
Southern District of New York
Pro Se Office, Room #230
500 Pearl Street
New York, New York 10007

Anthony Blue
#300130003 77
275 Atlantic Ave.
Brooklyn, N.Y. 11201

SEP 26 2014
PRO SE OFFICE